UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CHARLESETTA WILLIAMS**          **CIVIL ACTION NO. 3:23-cv-0906**
**(SANCTIONED/BARRED)**

**VERSUS**          **JUDGE TERRY A. DOUGHTY**

**UNKNOWN DEFENDANTS**          **MAG. JUDGE KAYLA D. MCLUSKY**

**MEMORANDUM ORDER**

On July 7, 2023, pro se plaintiff Charlesetta Williams ("Plaintiff") filed the current civil action against unknown defendants. She appears to complain about being kidnapped. Plaintiff has not paid any filing fees or submitted a motion to proceed *in forma pauperis*.

Plaintiff is no stranger to this court having previously filed sixteen (16) civil actions most of which were dismissed as frivolous or for failure to state a claim on which relief may be granted.[1] In addition to these many suits, the Clerk of Court has filed over fifty (50) of Plaintiff's documents into the case, In re: Charlesetta Williams, 14-mc-0041. The documents submitted in that case are considered unintelligible filings or envelopes returned to Plaintiff from other agencies. This Court sanctioned Plaintiff in case no. 5:21-cv-3799 stating "that the Clerk of Court be ordered to decline to file any civil complaint submitted by Charlesetta Williams unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also ordered that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action." (See Williams v. Steve Prator, et al, 5:21-cv-3799, Doc. No. 8.) Plaintiff has

---

1 See cases filed from 2008 to currently: 5:08-cv-00745, 5:08-cv-01308, 5:09-cv-00381, 5:09-cv-00382, 5:12-cv-2123, 5:12-cv-2957, 5:21-cv-1987, 5:21-cv-3624, 5:21-cv-3799, 3:23-cv-757, 3:23-cv-785, 3:23-cv-786, 3:23-cv-788, 3:23-cv-799, 3:23-cv-806 and 3:23-cv-905.

been sanctioned in other more recent cases in Williams v. Unknown Defendants, 3:23-cv-00757, and in Williams v. Unknown Defendants, 3:23-cv-785, requiring that the Clerk of Court not accept any future filings from Plaintiff unless permission is requested and granted from the Chief Judge of this court as well as any motion to proceed *in forma pauperis*. In this current civil action, Plaintiff has failed to seek permission from the Chief Judge of this court to file her complaint.

Plaintiff is a *pro se* litigant in this case and in all her cases. The pleadings of pro se litigants are held to a less stringent standard than those pleadings drafted by attorneys. *Taylor v. Books A Million*, *Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, pro se plaintiffs are required to plead factual allegations that raise the right to relief above a speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). District Courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis. Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986). A complaint is found to be frivolous if it "lacks an arguable basis in either law or fact." *Brewster v. Dretke*, 587 F.3d 764, 767(5th Cir. 2009). Factually frivolous claims are those that are clearly baseless, fanciful, fantastic, delusional, irrational or wholly incredible. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995)*; Hicks v. Garner,* 69 F.3d 22, 25 (5th Cir. 1995).

In her many filings including the current one, Plaintiff submits documents that are similar in that they are handwritten with many names and thoughts written randomly in no certain order

and not in complete sentences. Each submission is difficult to read and to determine any claims or defendants. The current civil action is exactly like Plaintiff's other filings in that it is handwritten and difficult to read. Plaintiff appears to claim that she has been kidnapped. As in her other cases, Plaintiff does not clearly list defendants.

This Court determined in a "Report and Recommendation" filed in one of Plaintiff's prior cases that having Plaintiff amend her complaint would be futile due to the many opportunities to explain her claims in that case, her history of frivolous litigation and duplication of filings. (See Williams v. Prator, et al, Case No. 5:21-cv-3799, Doc. No. 7.) A "Report and Recommendation" in another case, Williams v. Raymond, et al., 5:21-cv-3624, Doc No. 11, also came to the same conclusion. This Court is still of that opinion that Plaintiff has been given many opportunities to make her claims known and to improve her filings but her filings and submissions remain the same.

This Court once again finds that Plaintiff's Complaint is frivolous and must be dismissed. In addition, Plaintiff's complaint must be dismissed for failure to follow the Court's Orders to seek permission from the Chief Judge of this court before filing a Complaint. (See Case No. 5:21-cv-3799, Doc No. 8) Plaintiff is warned that continuous filing of frivolous suits may subject her to monetary sanctions.

**ACCORDINGLY**,

**IT IS ORDERED** that the Complaint [Doc. No. 1] filed by Charlesetta Williams on July 7, 2023, be and is hereby **STRICKEN FROM THE RECORD** and this case **CLOSED.**

**IT IS ALSO ORDERED** that the Clerk of Court shall not accept any future filings from Charlesetta Williams unless permission is requested and granted from the Chief Judge of this court and the judge has specifically ordered in writing that the complaint may be filed. It is also

ordered that any motion to proceed *in forma pauperis* that accompanies such a complaint shall be referred to the Chief Judge.

**THUS DONE in Monroe, Louisiana, this 12th day of July, 2023.**

_____
**TERRY A. DOUGHTY, CHIEF JUDGE
UNITED STATES DISTRICT COURT**